UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1530 CAS (SHx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | Joseph Bartholomew v. County of Los Angeles, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Blair Schlecter |
| | Thomas Hurrell |

**Proceedings:** **Defendants' Motion for Summary Judgment** (filed 03/27/08)

## I. INTRODUCTION

On October 5, 2007, deputies of the Los Angeles County Sheriff's Department arrested plaintiff Joseph Bartholomew at Universal City Walk in Los Angeles, California. Prior to the arrest, defendant deputies Phillip Briones ("Briones") and Joseph Salas ("Salas") sprayed pepper spray into plaintiff's eyes. The defendant deputies also struck plaintiff multiple times. Plaintiff alleges that defendant Sergeant Frank Quichocho ("Quichocho"), who was supervising the deputies on the scene, took no steps to prevent the deputies' allegedly unlawful actions. This incident was videotaped by a security camera.

On March 8, 2007, plaintiff filed the instant suit against the County of Los Angeles, Los Angeles County Sheriff's Department Deputies, Phillip Briones, Joseph Salas, Thomas Hill, and Los Angeles County Sheriff's Department Sergeant Frank Quichocho. On March 18, 2007, plaintiff filed the operative first amended complaint ("FAC") alleging one claim under 42 U.S.C. § 1983 for violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. By order dated March 25, 2008, the Court dismissed the County of Los Angeles as a defendant pursuant to a stipulation of the parties.

On March 27, 2008, defendants filed the present motion for summary judgment, or in the alternative, for partial summary judgment. On April 14, 2008, plaintiff filed his opposition. On April 21, 2008, defendants filed their reply. A hearing was held on April 28, 2008. After carefully considering the parties' arguments, the Court finds and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1530 CAS (SHx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | Joseph Bartholomew v. County of Los Angeles, et al. | | |

concludes as follows.

## II.    BACKGROUND

On the night of October 5, 2005, plaintiff and his wife were involved in an altercation with plaintiff's co-worker, Lakunya Nix, inside the BB King's Blues Club ("BB King's) at Universal City Walk. DSUF ¶ 1; PSGI ¶ 1. The security personnel at BB King's told plaintiff to leave. DSUF ¶ 3; PSGI ¶ 3. While plaintiff was leaving, he hit and broke the glass window of a door at BB King's. DSUF ¶ 4; PSGI ¶ 4.

At some point during the altercation with Lakunya Nix, plaintiff's wife handed her purse to plaintiff. DSUF ¶ 2; PSGI ¶ 2. Plaintiff left BB King's with his wife's purse in his hand. DSUF ¶ 5; PSGI ¶ 5. Members of BB King's staff asked plaintiff to stop, stating that they wanted to speak to plaintiff about the purse that he was holding. DSUF ¶ 6; PSGI ¶ 6. However, plaintiff did not stop. DSUF ¶ 7; PSGI ¶ 7. As he exited BB King's, plaintiff also heard a BB King's employee or security guard put out a call, on what plaintiff believed to be a walkie-talkie, stating "[W]e've got a guy with a stolen purse." DSUF ¶ 8; PSGI ¶ 8.

While patrolling Universal City Walk with Deputies Briones and Salas, Deputy Hill heard a radio call that a black male had stolen a purse and broken a window. DSUF ¶ 9; PSGI ¶ 9. Deputy Hill then saw a black male running down the steps from BB King's carrying what appeared to be a purse or a bag in his hand. DSUF ¶ 10; PSGI ¶ 10. Based on the earlier radio call, Deputy Hill suspected plaintiff of having committed a felony. DSUF ¶ 11; PSGI ¶ 11.

At some point after leaving BB King's, plaintiff ran into his wife and handed her purse back to her. DSUF ¶ 12; PSGI ¶ 12. After plaintiff handed his wife her purse, security guards again began to follow plaintiff, and told him to stop. DSUF ¶ 13; PSGI ¶ 13. The security guards stated to plaintiff, "[W]e want to talk to you about a purse." DSUF ¶ 14; PSGI ¶ 14; Declaration of Blair Schlecter ("Schlecter Decl."), Ex. A (Deposition of Joseph A. Bartholomew ("Bartholomew Dep.") at 96:16-21. Plaintiff did not stop, and instead, continued to walk away from the security guards. DSUF ¶¶ 16-17; PSGI ¶¶ 16-17.

Deputies Briones, Hill, and Salas, and Sergeant Quichoco caught up to plaintiff at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1530 CAS (SHx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | Joseph Bartholomew v. County of Los Angeles, et al. | | |

the so-called "Palm Court" area of Universal City Walk. DSUF ¶ 18; PSGI ¶ 18. Deputy Salas ordered plaintiff to stop, and drew his gun, pointing it at plaintiff. DSUF ¶¶ 19-20; PSGI ¶¶ 19-20. Plaintiff shouted obscenities at the deputies, and asserted that he was not afraid of Deputy Salas' gun. DSUF ¶¶ 21-22; PSGI ¶¶ 21-22. Then, Deputies Briones and Salas both sprayed pepper spray in plaintiff's face. DSUF ¶ 25; PSGI ¶ 25. Deputy Briones then struck plaintiff in the face with his right fist. DSUF ¶ 27; PSGI ¶ 27. Deputies Briones and Salas forced plaintiff to the ground. Id. Once plaintiff was on the ground, Deputy Briones struck plaintiff in the left rib area approximately three times. DSUF ¶ 28; PSGI ¶ 28. Deputy Briones again pepper sprayed plaintiff. Id. The deputies then handcuffed plaintiff, and took him into custody. DSUF ¶ 29; PSGI ¶ 29. Sergeant Quichocho, a supervisor, was also on scene. DSUF ¶ 18; PSGI ¶ 18. However, Sergeant Quichoco did not use any force on plaintiff during the incident. DSUF ¶ 30; PSGI ¶ 30.

### III.  LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1530 CAS (SHx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | Joseph Bartholomew v. County of Los Angeles, et al. | | |

& n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

IV.    DISCUSSION

    A.    **FOURTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEPUTIES BRIONES, SALAS, AND HILL**

Defendants move for summary judgment on plaintiff's Fourth Amendment excessive force claim. Defendants argue that no constitutional violation occurred because the deputies' use of force was objectively reasonable under the circumstances. Defendants argue that if arguendo a constitutional violation occurred, summary judgment should nonetheless be granted because the deputies are entitled to qualified immunity.

        1.    **REASONABLENESS OF FORCE USED**

Plaintiff alleges that defendants violated his Fourth Amendment rights by using an unreasonable amount of force to detain and arrest him. The Fourth Amendment prohibits the police from using force that is not "reasonable under the circumstances." Scott v. Henrich, 39 F.3d 912, 914 (9th Cir. 1994); Saucier v. Katz, 533 U.S. 194, 201-02 (2001) ("[U]se of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness."). The test of reasonableness is an objective one: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989).

The reasonableness of the force used is determined by balancing the force applied against the need for that force. Deorle v. Rutherford, 272 F.3d 1272, 1279 (9th Cir. 2001). In doing such balancing, the court must first assess the "type and amount of force inflicted." Jackson v. City of Bremerton, 268 F.3d 646, 651 (2001). Next, the court must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1530 CAS (SHx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | Joseph Bartholomew v. County of Los Angeles, et al. | | |

"measure the governmental interest at stake." Davis v. City of Las Vegas, 478 F.3d 1048, 1054 (9th Cir. 2007). A court must view the facts and circumstances "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396-97. A court must therefore allow "'for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation.'" Scott, 39 F.3d at 914 (quoting Graham, 490 U.S. at 396-97). The reasonableness inquiry

> "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."

Robinson v. Solano County, 278 F.3d 1007, 1013-14 (9th Cir. Cal. 2002) (quoting Graham, 490 U.S. at 396); see also Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) ("[T]he essence of the Graham objective reasonableness analysis [] [is that] 'the force which was applied must be balanced against the *need* for that force: it is the need for force which is at the heart of the Graham factors.'") (quoting Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994) (emphasis in original)).

Thus, the Court first assesses the quantum of force used, which force consists of pointing a gun, spraying pepper spray, and punching and kicking the plaintiff. The use of pepper spray can constitute excessive force. See e.g., Headwaters Forest Defense v. County of Humboldt, 240 F.3d 1125, 1199-1200 (9th Cir. 2002) (concluding that use of pepper spray was more than minimal where it was applied to plaintiff's eyelids with a Q-tip, and also sprayed into their faces at close range). Similarly, pointing a gun can constitute excessive force. See e.g., Robinson v. Soloano County, 278 F.3d 1007, 1014 (9th Cir. 2002) (en banc) (concluding that suspect's "earlier use of a weapon, that he clearly no longer carried, is insufficient to justify" pointing the gun at the suspect's head). Repeatedly striking a person can also constitute excessive force. See e.g., Blankenhorn v. City of Orange, 485 F.3d 463, 480 (9th Cir. 2007) ("[W]e conclude that a rational jury could find that if Blankenhorn did not maneuver his arms beneath his body it eliminated the need for any use of force to release them, and thus that Nguyen's punches were not reasonably justified by the circumstances as he claims.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1530 CAS (SHx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | Joseph Bartholomew v. County of Los Angeles, et al. | | |

According to plaintiff's version of the facts, two deputies approached him on foot as he walked up a flight of stairs. Two additional deputies arrived in a patrol car. Deputy Salas drew his gun, and pointed it at plaintiff. Then, Deputies Salas and Briones both sprayed pepper spray into plaintiff's face. The pepper spray came into contact with plaintiff's eyes, causing plaintiff to experience serious pain. Plaintiff dropped his head, and used one hand to cover his eyes; the other hand was at his side. Then, Deputy Briones punched plaintiff in the mouth with his fist. The force of Deputy Briones' punch caused plaintiff to fall to the ground (it also caused Deputy Briones to break and/or fracture two bones in his hand). After plaintiff fell to the ground, the deputies jumped on him. The deputies then proceeded to punch and kick plaintiff. While plaintiff was still on the ground, Deputy Briones, at close range, sprayed pepper spray into plaintiff's face. Finally, the deputies handcuffed plaintiff. Looking at these facts in the light most favorable to plaintiff, the Court concludes that the force used was substantial.

Having concluded that in light of the procedural posture herein, the deputies used a substantial amount of force, the Court next inquires as to the need for the force used under the Graham factors. See Davis v. City of Las Vegas, 478 F.3d 1048, 1055 (9th Cir. 2007). According to plaintiff's version of the facts, he was not resisting arrest or attempting to flee, nor did he charge at, or attempt to punch or kick the deputies. Plaintiff was also outnumbered and allegedly surrounded by the deputies. Further, the Court cannot conclude as a matter of law that there was a need to punch, kick, and pepper spray plaintiff once he was on the ground with the deputies on top of him. Accordingly, the Court cannot find as a matter of law that the substantial force used was justified under the circumstances of this case.[1]

---

[1] Defendants' cited cases are inapposite. In Jackson v. City of Bremerton, 268 F.3d 646 (9th Cir. 2001), the plaintiff alleged that the police officers used excessive force when they sprayed her with a chemical irritant prior to her arrest for failure to disperse, pushed her to the ground to handcuff her and roughly pulled her up to her feet during her arrest, and rolled up the windows to the police car on a hot day. Id. at 652. The Ninth Circuit held that the defendant officers' use of pepper spray did not constitute excessive force when used to subdue and arrest plaintiff, who was non-compliant, and attempted to interfere with the officers' attempt to maintain order. Id. Unlike Jackson, in this case, defendant deputies substantially outnumbered plaintiff, they sprayed pepper spray in plaintiff's eyes three times, at close range, once after plaintiff was on the ground.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA      O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1530 CAS (SHx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | Joseph Bartholomew v. County of Los Angeles, et al. | | |

Taking the facts in the light most favorable to plaintiff, the Court concludes that a reasonable jury could find that the deputies used an unreasonable amount of force under the circumstances of this case.

### 2. QUALIFIED IMMUNITY

Having concluded that there are material questions of disputed fact about the reasonableness of the force used, the Court turns to whether the defendants are entitled to qualified immunity because plaintiff's constitutional rights were not clearly established at the time of his injuries.

Qualified immunity is "designed to protect state and federal officials from civil liability for conduct that was within the scope of their duties or conduct that did not violate clearly established law." Nevada v. Hicks, 533 U.S. 353, 400 (2001). "Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the

---

Moreover, unlike Jackson, the deputies punched and kicked plaintiff multiple times, even after he was on the ground with the deputies on top of him.

Defendants' reliance on Harker v. Santa Rosa Police Department, 2001 U.S. Dist. LEXIS 7998 (N.D. Cal. 2001), is similarly unavailing. In Harker, the plaintiff alleged that the defendant police officer used excessive force when he sprayed plaintiff with pepper spray, and hurt his wrists while handcuffing him. Id. at *1. The plaintiff attempted to flee, forcing the defendant police officer to engage in "a foot pursuit towards a high crime area at night, and eventually a dark city park." Id. The officer finally caught up to the plaintiff, and sprayed a chemical irritant in the plaintiff's face, standing eight to ten feet away from the plaintiff. Id. When the plaintiff began rubbing his eyes, the officer grabbed the plaintiff's arm, put him face down on the ground, and handcuffed him. Id. Unlike in Harker, plaintiff claims that he never resisted arrest or attempted to flee, the deputies never told plaintiff to get on the ground, nor did they give plaintiff an opportunity to comply with their orders. In Harker, the officer was alone with the plaintiff in a dark city park, and sprayed pepper spray in the plaintiff's eyes once, standing eight to ten feet away. Here, the deputies outnumbered plaintiff four to one, and sprayed pepper spray in his eyes three times at close range.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1530 CAS (SHx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | Joseph Bartholomew v. County of Los Angeles, et al. | | |

proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 533 U.S. 194, 200 (2001); see also Harlow v. Fitzgerald, 457 U.S. 200, 218 (1982) ("Reliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment."). Thus courts are required to make determinations regarding qualified immunity "at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991).

In Saucier, the Supreme Court enunciated the standard for qualified immunity in the context of summary judgment in a Bivens action against a police officer alleging excessive use of force. The Court stated that a two-step inquiry must be employed. First, the court must answer the question: "Taken in the light most favorable to the party asserting the injury do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 201. If so, the court must then consider whether the constitutional right was clearly established. Id. A right is clearly established only if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202. "[T]he salient question that the [court] should [] ask[] is whether the state of the law [at the time of the alleged wrong] . . . gave [the defendants] fair warning that [their] alleged treatment of [the plaintiff] was unconstitutional." Hope v. Pelzer, 536 U.S. 730, 741 (2002).

The Court has already concluded that a reasonable jury may be able to find that the deputies' conduct violated plaintiff's Fourth Amendment rights. Turning to the second step in the inquiry, the Court finds that at the time of the incident at issue in this case, the state of the law was clear "that force is only justified when there is a need for force." Blankenhorn v. City of Orange, 485 F.3d 463, 481 (9th Cir. 2007). For the reasons stated above, the Court cannot conclude as a matter of law that the use of force was justified under the circumstances of the case. A jury could find that the deputies should have known that the force they used was excessive, and therefore inappropriate and unlawful. Thus, viewing the facts in the light most favorable to plaintiff, the Court concludes that the deputies are not entitled to qualified immunity as a matter of law.

**B.     FOURTH AMENDMENT CLAIM AGAINST SERGEANT QUICHOCHO**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1530 CAS (SHx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | Joseph Bartholomew v. County of Los Angeles, et al. | | |

Defendants next move for summary adjudication as to plaintiff's claims against Sergeant Quichocho.

It is undisputed that Sergeant Quichocho was not physically involved in the incident at issue here. Defendants do not appear to dispute that "[law enforcement personnel] have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." United States v. Koon, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81 (1996). Nor do defendants appear to dispute that a supervisor may be held liable for excessive force under the Fourth Amendment if (1) he or she was personally involved in depriving a plaintiff of constitutional rights, or (2) there is sufficient causal connection between the supervisor's wrongful conduct and the violation of the constitutional right. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 502 U.S. 1074 (1992); Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) ("[A] supervisor is liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.") (internal quotation marks omitted). Rather, defendants argue that there is no evidence to indicate that Sergeant Quichocho had an opportunity to intervene.

The Court concludes that Sergeant Quichocho may be held liable for his failure to intervene to prevent the violation of plaintiff's constitutional rights. Sergeant Quichocho witnessed the allegedly unlawful force used by defendant deputies, but did not attempt to stop the deputies. The Court must view the facts in the light most reasonable to the plaintiff. Given that Sergeant Quichocho was present during the incident, the Court cannot conclude that Sergeant Quichocho could not have intervened to prevent the conduct or to control the deputies under the circumstances of this case. See e.g., Gonzales v. Phoenix Police Dep't, 2007 U.S. Dist. LEXIS 47949, at *15 (D. Ariz. 2007) ("Whether Plaintiff was hit, kicked, and stomped, and whether Norton could have intervened to prevent the alleged beating by verbally ordering Trynosky or Latham to cease beating Plaintiff or by radioing other officers to intervene are disputed issues of material fact."); See e.g., Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003) ("[E]vidence of Sergeant Meyer's failure to bring his subordinates under control could support liability under [42 U.S.C.] § 1983, and he is therefore not entitled to summary judgment."). Further, because the law is clear that Sergeant Quichocho has (1) a duty to intercede when fellow officer's violate a person's constitutional rights, and (2) a duty to control his subordinates, Sergeant Quichocho is not entitled to qualified immunity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                      O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1530 CAS (SHx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | Joseph Bartholomew v. County of Los Angeles, et al. | | |

### C.  FOURTEENTH AMENDMENT CLAIM AGAINST ALL DEFENDANTS

Finally, defendants seek summary judgment on plaintiff's Fourteenth Amendment claim, arguing that it should instead be analyzed under the Fourth Amendment.

Plaintiff does not respond to defendants' motion in this regard.

In Graham v. Connor, 490 U.S. 386 (1989), the United States Supreme Court held that,

> all claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.

Id. at 395. According to the Ninth Circuit, "under Graham, excessive force claims arising before or during arrest are to be analyzed exclusively under the fourth amendment's reasonableness standard rather than the substantive due process standard." Reed v. Hoy, 909 F.2d 324, 329 (9th Cir. 1989), cert. denied 501 U.S. 1250 (1991); see also P.B. v. Koch, 96 F.3d 1298, 1303 n.4 (9th Cir. 1996) ("The Supreme Court has subsequently held that allegations of excessive force should be analyzed under a more specific constitutional provision, rather than generalized notions of due process, if one is applicable."). Thus, because plaintiff's Fourteenth Amendment claim is an excessive force claim, defendants' motion for summary judgment on plaintiff's Fourteenth Amendment claim is granted. See e.g., Andrade v. City of Burlingame, 847 F. Supp. 760, 765 (N.D. Cal. 1994).

### V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendants' motion for summary adjudication as to plaintiff's claim for relief under the Fourth Amendment to the United States Constitution. However, the Court GRANTS defendants' motion for summary adjudication as to plaintiff's claim for relief under the Fourteenth Amendment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1530 CAS (SHx) | Date | April 28, 2008 |
|---|---|---|---|
| Title | Joseph Bartholomew v. County of Los Angeles, et al. | | |

to the United States Constitution.

    IT IS SO ORDERED.

|  |  | 00 | : | 03 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |